IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60037
Conference Calendar

_____

TROY T. REDMOND,

                                        Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS; FRED CHILDS;
DAVID FONDREN; WOOD BROWN; JOHN HALTOM; RUFUS BURKS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:99-CV-804-BN
--------------------
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Troy T. Redmond moves for leave to proceed in forma pauperis
(IFP) on appeal from the order granting summary judgment for the
defendants in Redmond's employment-discrimination and civil-
rights action, an action in which Redmond challenged his
termination by the Mississippi Department of Corrections (MDOC).
Redmond alleges that MDOC failed to present evidence of policies
and procedures that he had violated.  He argues that the
circumstances in his case suggested that his termination was
racially motivated and that the reasons offered for the

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

termination were pretextual. He argues that the defendants failed to investigate the allegations against him, suggesting a causal link between Redmond's protected activities when speaking against an action taken against another MDOC employee and his termination. He alleges that an incident between Hearing Officer David Fondren and him before his first termination showed the actions of a white male against a black employee to cover up "the action of white male attack on the black employee at this hearing." He contends that the defendants were not entitled to Eleventh Amendment immunity or to qualified immunity because he was not allowed to use a tape recorder at his employment hearing; according to Redmond, use of a tape recorder is a state-created right. Redmond argues that the defendants violated the Equal Protection Clause by using MDOC policies and procedures against him although he had not violated those policies and procedures. He finally argues that his case should have been consolidated with another case raising issues arising from the conspiracy at issue in the current case.

The evidence supporting the defendants' motion for summary judgment indicated that Redmond's job actions were motivated by his violations of employee rules. Nothing in the record gives rise to an inference of racial discrimination. *See Boyd v. State Farm Ins. Co.*, 158 F.3d 326, 328-29 (5th Cir. 1998), *cert. denied*, 526 U.S. 1051 (1999). The grant of summary judgment on Redmond's employment-discrimination claim was not erroneous.

Redmond offers no factual allegations or legal arguments relevant to his immunity contentions; his contention that use of

a tape-recorder was a state-created right; his allegation that the defendants conspired against him; his contention that the Equal Protection Clause was violated; or his contention that his cases should have been consolidated.  He has failed to brief those issues for appeal.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Redmond has failed to show that he will raise any nonfrivolous issues for appeal.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

IFP DENIED; APPEAL DISMISSED.  5TH CIR. R. 42.2.